**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

JOHNNIE COOKS,

                        Plaintiff,

     v.                                       No. 07-CV-765
                                                        (LEK/DRH)

S.P. DELPIANO; Former Dental Director, Auburn
Correctional Facility; NANCY RYERSON, Nurse
Administrator, Auburn Correctional Facility; and
JOHN DOE, Dentist,

                       Defendants.[1]

---

**APPEARANCES:**                        **OF COUNSEL:**

JOHNNIE COOKS
Plaintiff Pro Se
03-A-6498
Auburn Correctional Facility
Post Office Box 618
Auburn, New York 13021

HON. ANDREW M. CUOMO          RICHARD LOMBARDO, ESQ.
Attorney General for the              Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[2]

---

    [1] According to defendants, Delpiano is the current Dental Director at Auburn Correctional Facility ("Auburn") and Ryerson was formerly the Nurse Administrator and is now a Nurse Practitioner at Auburn. Defs. Mem. of Law (Docket No. 14-2) at 1 nn.1-2. Additionally, defendant John Doe has neither been served nor further identified. More than 120 days have elapsed since the complaint was filed. Accordingly, it is recommended that the complaint be dismissed without prejudice as to defendant John Doe pursuant to Fed. R. Civ. P. 4(m) and N.D.N.Y.L.R. 4.1(b).

    [2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Plaintiff pro se Johnnie Cooks ("Cooks"), presently an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, three DOCS employees, violated his Eighth and Fourteenth Amendment rights. Compl. (Docket No. 1). Presently pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 14. Cooks opposes the motion. Docket No. 17. For the following reasons, it is recommended that defendants' motion to dismiss be granted.

## I. Background

The facts are related herein in the light most favorable to Cooks as the nonmoving party. See subsection II(A) infra.

On September 20, 2004, Cooks had a tooth extracted by Delpiano. Compl. at 5. On December 28, 2004, Cooks saw another dentist, defendant John Doe, for constant bleeding and raised sore spot which had developed at the site of the extracted tooth and had persisted since September 20. Id. John Doe told Cooks that Cooks' condition presented no concern. He unsuccessfully attempted to numb Cooks' mouth and extract another tooth. Id. During the extraction, Cooks complained that his face was swollen and asked that the procedure be terminated. Id.

Cooks allegedly began submitting multiple grievances and requests to see the oral surgeon. On May 11, 2006, Cooks was summoned to the medical department to complete a specialty care form and informed that he would have to wait a few months before seeing the specialist. Id. However, prior to signing the specialty care form, an appointment was scheduled for Cooks, but he refused to attend, "feeling ill, as if [he] was going to have a

2

seizure . . . ." Id. at 5-6.

After signing the specialty care form, Cooks waited approximately four to six months in constant, excruciating pain for an appointment with the oral surgeon. Id. at 6. Cooks wrote a letter to the Dental Department requesting to cancel his appointment with the oral surgeon and seeking permission for immediate tooth extraction at Auburn as the over-the-counter pain medication he was taking was providing no relief. Id. The Dental Department denied Cooks' request and stated that it was mandatory that Cooks consult with the oral surgeon prior to any dental procedure. Id. Aside from excruciating pain, Cooks was unable to eat properly, causing stomach and general body aches and pains, and that he was forced continually to attend sick calls. Id. Cooks wrote several complaints to Ryerson without receiving any responses or other intervention. Id. at 6, 7.

Lastly, Cooks asserts that he has "received several warantless [sic] misbehavior reports for allegedly not following up with doctors . . . " including sanctions which consisted inter alia of cell confinement. Id. at 7. This action followed.

## II. Discussion

Cooks asserts a cause of action under the Eighth Amendment claiming deliberate indifference to his serious medical needs. Additionally, liberally construing Cooks' complaint, he alleges a Fourteenth Amendment violation by the filing of false misbehavior reports and unwarranted sanctions. Defendants move to dismiss claiming that Cooks has failed to state a cause of action as there was no deliberate indifference to a serious medical

3

need.[3]  Additionally, defendants claim that they are entitled to qualified immunity.

### A. Legal Standard

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  However, "a 'complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." Gilfus v. Adessa, No. 5:04-CV-1368 (HGM/DEP), 2006 WL 2827132, at *3 (N.D.N.Y. 2006) (citing De Jesus v. Sears, Roebuck & Co. 87 F.3d 65, 70 (2d Cir. 1996) (internal quotations omitted)).  Thus, dismissal is only warranted if it appears, beyond a reasonable doubt, that the non-moving party cannot prove a set of facts which would support his or her claim or entitle him or her to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999).

When, as here, a party seeks dismissal against a pro se litigant, a court must afford the non-movant special solicitude.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the

---

[3] Defendants' motion refers to the lack of personal involvement of Ryerson and Delpiano.  See Defs. Mem. of Law (Docket No. 14-1) at 5.  However, since it is recommended herein that defendants' motion be granted on the merits of Cooks' claims, this contention will not be addressed.

4

>   strongest arguments that they 'suggest. . . . .  At the same time, our cases
>   have also indicated that we cannot read into pro se submissions claims that
>   are not "consistent" with the pro se litigant's allegations, . . or arguments that
>   the submissions themselves do not "suggest, . . ." that we should not "excuse
>   frivolous or vexatious filings by pro se litigants" . . . and that pro se status
>   "does not exempt a party from compliance with relevant rules of procedural
>   and substantive law . . . ."

Id. (citations and footnote omitted).

### B. Eighth Amendment

The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual punishment." U.S. CONST. amend. VIII.  This includes the provision of medical care. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).  A prisoner advancing an Eighth Amendment claim for denial of medical care must allege and prove deliberate indifference to a serious medical need.  Wilson v. Seiter, 501 U.S. 294, 297 (1991); Hathaway, 37 F.3d at 66.  More than negligence is required "but less than conduct undertaken for the very purpose of causing harm."  Hathaway, 37 F.3d at 66.  The test for a § 1983 claim is twofold. First, the prisoner must show that there was a sufficiently serious medical need.  Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).  Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm.  Id.  "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  Farmer v. Brennan, 511 U.S. 825, 844 (1994).

"'Because society does not expect that prisoners will have unqualified access to healthcare', a prisoner must first make [a] threshold showing of serious illness or injury" to

5

state a cognizable claim. Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003)(quoting Hudson v. McMillian, 503 U.S. 1,9 (1992)).  Because there is no distinct litmus test, a serious medical condition is determined by factors such as "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain."  Brock v. Wright, 315 F.3d 158, 162-63 (2d Cir. 2003)(citing Chance, 143 F.3d at 702).  The severity of the denial of care should also be judged within the context of the surrounding facts and circumstances of the case.  Smith, 316 F.3d at 185.

   Deliberate indifference requires the prisoner "to prove that the prison official knew of and disregarded the prisoner's serious medical needs."  Chance, 143 F.3d at 702.  Thus, prison officials must be "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."  Estelle v. Gamble, 429 U.S. 97, 104, (1976).  "Mere disagreement over proper treatment does not create a constitutional claim," as long as the treatment was adequate. Id. at 703.  Thus, "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . . are not adequate grounds for a § 1983 claim."  Magee v. Childs, No. 04-CV-1089 (GLS/RFT), 2006 WL 681223 at *4 (N.D.N.Y. Feb. 27, 2006).  Furthermore, allegations of negligence or malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness.  Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

      In this case, it appears that Cooks has presented sufficient evidence to conclude that his dental ailments were sufficiently serious.  While "[d]ental conditions, like other medical

6

conditions, may be of varying severity. The standard for Eighth Amendment violations contemplates a condition of urgency that may result in degeneration or extreme pain." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998)(internal quotations and citations omitted). Thus, Cooks' allegations of excruciating pain, the inability to eat, continually attending sick calls, and another dentist's belief that the condition warranted extraction of another tooth rises to the level or urgency resulting in degeneration and extreme pain. See id. (holding that great pain for at least six months, the inability to chew properly, and the possible extraction of three teeth constitutes a serious medical need).

However, Delpiano's actions did not intentionally delay, deny, or preclude Cooks from receiving treatment. In fact, Delpiano provided Cooks with prompt treatment by extracting his tooth. Compl. at 5. After this surgery, there is no indication in the record that Cooks had any other contact with Delpiano or that Delpiano was otherwise involved in Cooks' subsequent care or lack thereof. Moreover, Delpiano's surgical intervention does not present the issue here. Rather, the issues presented concern the consequences and side effects Cooks experienced following the surgery and how they were treated by others. At worst, reading all of Cooks' allegations in the light most favorable to him, Delpiano's surgery rises to the level only of malpractice. As previously stated, medical malpractice affords an insufficient basis to sustain an Eighth Amendment claim.

Additionally, Ryerson's actions did not delay, deny or inhibit Cooks from receiving treatment. It is unclear who from the medical and dental departments arranged for Cooks to fill out the specialty consent form and discussed the policy of seeing the oral surgeon prior to a tooth extraction. However, these medical precautions were reasonable procedures and defendants can hardly be faulted for insisting on obtaining the opinion of a

7

specialist. Cooks' disagreement with the prerequisite to attend a consultation with an oral surgeon prior to surgery is merely that, a disagreement. As previously noted, disagreements with techniques and treatment methods and protocols are insufficient to establish deliberate indifference. Additionally, Cooks stated that he had an appointment scheduled with the oral surgeon and refused to attend. Compl. at 5-6. Cooks' refusal to undergo the necessary examination cannot serve to impute deliberate indifference to Ryerson.

Accordingly, it is recommended that defendants' motion be granted on this ground.

### C. Qualified Immunity

Defendants claim that even if Cooks' constitutional claims are substantiated, they are entitled to qualified immunity.

Qualified immunity generally protects governmental officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003). However, even if the constitutional privileges "are clearly established, a government actor may still be shielded by qualified immunity if it was objectively reasonable for the . . . official to believe that his [or her] acts did not violate those rights." Smith v. City of Albany, No. 03-CV-1157, 2006 WL 839525 *16 (N.D.N.Y. Mar. 27, 2006) (quoting Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991); Magnotti v. Kuntz, 918 F.2d 364, 367 (2d Cir. 1990) (internal citations omitted)).

A court must first determine whether, if plaintiff's allegations are accepted as true, there would be a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights, of which a reasonable person would have known, were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230. Here, the second prong of the inquiry need not be reached because, as discussed supra, accepting all of Cooks' allegations as true, he has not shown that defendants violated his constitutional rights.

Therefore, it is recommended in the alternative that defendants' motion on this ground be granted.

### D. False Misbehavior Report

Cooks alleges that defendants submitted a false misbehavior report in violation of his constitutional rights. "Prisoners enjoy the right not to be deprived of life, liberty or property without due process of law, but their rights are to be balanced with, and often tempered by, the needs of their special institutional setting." Malik v. Tanner, 697 F. Supp. 1294, 1301 (S.D.N.Y. 1988) (citing Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). However, a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "There must be more, such as retaliation against the prisoner for exercising a constitutional right." Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (citing Franco v. Kelly, 854 F.2d 584, 588-90 (2d Cir. 1988)).

In order to state an actionable claim for retaliation, a plaintiff must first allege that the plaintiff's conduct was constitutionally protected and that this protected conduct was a

9

substantial factor that caused the adverse action against plaintiff.  Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).  However, courts must view retaliation claims with care and skepticism to avoid judicial intrusion into prison administration matters. Id.  Conclusory allegations alone are insufficient.  Id. (citing Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983) (explaining that "claim[s] supported by specific and detailed factual allegations . . . ought usually be pursued with full discovery.")).

In this case, even liberally construing Cooks' complaint, he has failed to allege facts sufficient to support a retaliation claim.  Cooks has failed to allege which individuals were involved in the creation, filing, prosecution, and determination of the multiple false misbehavior reports.  Without alleging a responsible defendant, Cooks' conclusory allegations are insufficient to maintain this claim.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that:

   1. Defendants' motion to dismiss (Docket No. 14) be **GRANTED** and the complaint be **DISMISSED** in its entirety as to Delpiano and Ryerson; and

   2. The complaint be **DISMISSED** as to defendant John Doe without prejudice pursuant to Fed. R. Civ. P. 4(m) and N.D.N.Y.L.R. 4.1(b).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  August 12, 2008
       Albany, New York

                                      _David R. Homer_
                                     United States Magistrate Judge